UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PARISH OF CAMERON** | : | **CIVIL ACTION NO. 2:18-cv-0677** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **AUSTER OIL & GAS, INC.; ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 67] filed by plaintiff the Parish of Cameron ("Cameron," "the Parish") and a Motion to Remand [doc. 71] filed by intervenor-plaintiffs the State of Louisiana *ex rel.* the Louisiana Attorney General and the Louisiana Department of Natural Resources ("Louisiana," "the State") (hereafter, state and parish parties referred to collectively as "plaintiffs"). Several defendants have filed an opposition [doc. 97] to the motions, and plaintiffs have submitted a reply. Doc. 101.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the Motions to Remand [docs. 67, 71] be **GRANTED** and that this matter be remanded to the 38th Judicial District Court, Cameron Parish, Louisiana.

### I.
#### BACKGROUND

This case is one of forty-two lawsuits maintained by Louisiana parishes, along with the State of Louisiana as intervenor, against various defendants. The plaintiffs allege violations of permits issued under the State and Local Coastal Resources Management Act of 1978

-2-

("SLCRMA"), also known as the Coastal Zone Management Act, La. Rev. Stat. § 49:214.21 *et seq.*, and associated regulations, rules, and ordinances ("CZM laws") through the defendants' dredging, drilling, and waste disposal in coastal parishes. *See, e.g.*, doc. 1, att. 59, pp. 3–26. These cases were previously removed here from the 38th Judicial District Court, Cameron Parish, Louisiana, and 15th Judicial District Court, Vermilion Parish, Louisiana, on the basis of admiralty jurisdiction; federal jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349(b)(1); and federal question jurisdiction under 28 U.S.C. § 1331. *See Cameron Parish v. Auster Oil & Gas, Inc.*, No. 2:16-cv-530 (W.D. La. May 9, 2018), *et seq.* The court rejected all asserted bases of removal jurisdiction and remanded the cases to the state court on May 9, 2018. *Id.* Defendants have now removed the instant case and eleven others to this court once more, via Notice of Removal filed on May 23, 2018, based on federal officer jurisdiction under 28 U.S.C § 1442 and federal question jurisdiction under 28 U.S.C. § 1331. Doc. 1. They assert that they first became aware of the newly asserted removal grounds upon receipt of an expert report, filed on April 30, 2018, which defendants claim reveals for the first time that the plaintiffs' claims "primarily attack activities undertaken before the state permitting law at issue was effective" and thus shows that the alleged permitting violations under state law "were instead subject to extensive and exclusive federal direction, control, and regulation." *Id.* at 3.

Plaintiffs move to remand, claiming that (1) the claim of federal officer jurisdiction is without merit; (2) the claim of federal question jurisdiction is both meritless and precluded from relitigation; and (3) removal was untimely because the expert report was received "months, if not years, after the removing defendants knew or should have known of the nature of [plaintiffs'] claims." Doc. 71, att. 1, pp. 7–8; *see also* doc. 67, att. 1. Defendants oppose the motions. Doc. 97.

## II.
### LAW AND ANALYSIS

#### A. *Timeliness Standards*

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The notice of removal generally must be filed within 30 days of defendant's receipt of a copy of the initial pleading, but only if the complaint "reveal[s] on its face" the basis for removal jurisdiction. 28 U.S.C. § 1446(b)(1); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994); *see also Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160–61 (5th Cir. 1989) (defendant may only remove a case from state court when the complaint reveals on its face an issue of federal law). Otherwise, the case may timely be removed "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added); *e.g., Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). The purpose of § 1446(b) "is to prescribe a uniform time frame, at the beginning of immediately removable actions, within which removal will be effected," with the goal of "early resolution of the court system in which the case will be heard." Charles Alan Wright et al., 14C Fed. Prac. and Proc. § 3731 (4th ed.). "Untimely removal is a defect in removal procedure," which provides a basis for remand if asserted by plaintiff. *Belser v. St. Paul Fire and Marine Ins. Co.*, 965 F.2d 5, 8 (5th Cir. 1992).

The Fifth Circuit rejects a due diligence requirement under § 1446(b), and holds instead that "the defendant's subjective knowledge cannot convert a case into a removable action." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002) (internal quotations omitted). As plaintiffs point out, the document need not be a "filing" to qualify as other paper. *E.g.*, *Brunet v. Butler*,

2012 WL 2338740, at *3 (E.D. La. Jun. 19, 2012). In "very limited" exceptions, a paper filed in another case may also qualify. *Id.* If, however, the removal is based on "other paper," that paper must still result from a voluntary act by the plaintiff. *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000).

Most cases where removability can first be ascertained from "other paper" involve clarifying whether diversity jurisdiction exists. *Eggert v. Britton*, 223 Fed. App'x 394, 397 (5th Cir. 2007). Federal question jurisdiction, on the other hand, "is determined by reference to the well-pleaded complaint." *Id.* at 397. Under limited circumstances, however, the courts have looked to "other paper" to establish federal question jurisdiction. *Id.* To qualify as "other paper" and trigger removal under § 1446, the document at issue must clarify the nature of a federal claim rather than revealing "a putative claim *which has not been pled.*" *Id.* at 397–98 (quoting *Trotter v. Steadman Motors, Inc.*, 47 F.Supp.2d 791, 793 (S.D. Miss. 1999). Where the timeliness of removal based on federal officer jurisdiction is at issue, the court has only specified that § 1442's "liberal interpretation" extends to § 1446, "without a thumb on the remand side of the scale." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 & n. 10 (5th Cir. 2018) (quoting *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 295 (5th Cir. 2017) and *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006)). Where there is no new information, however, that signals for the first time the plaintiff's intent to pursue removable claims, the "other paper" does not trigger a new removal window under § 1446(b). *Decatur Hosp. Auth.*, 854 F.3d at 296.

### B. Application

Defendants base their theory of removability on the involvement of pre-SLCRMA activities in plaintiffs' claims. As "other paper" revealing this involvement, they rely on the above-mentioned expert report, filed in a coastal zone case (*Plaquemines v. Rozel*) in the 25th Judicial

District Court by plaintiffs and reviewed by Keith Lovell, assistant secretary of the Office of Coastal Management for the Louisiana Department of Natural Resources.[1] *See generally* doc. 1, atts. 1–6; doc. 1, att. 5, p. 22. The defendants maintain that the *Rozel* expert report qualifies as "other paper" under § 1446(b)(3) because it "alleges previously unidentified 'permitting violations' relating to hundreds or even thousands of federal authorized and permitted activities . . . ." Doc. 1, p. 9. Specifically, they allege that the report reveals for the first time that plaintiffs' claims "primarily attack activities undertaken before the state permitting law at issue was effective and that were instead subject to extensive and exclusive federal direction, control, and regulation." *Id.* at 3. They also maintain that the federal nature of the case was previously concealed because "[t]he petitions do not reference 'bad faith,' do not allege violations going back to the 1940s, and do not reveal that Plaintiffs would challenge as unlawful all federally directed, controlled or authorized activities in the coastal zone." *Id.* at 19. Instead, they insist, "the petitions focused principally on post-SLCRMA conduct that was purportedly governed by state law." *Id.* at 20. Plaintiffs maintain that defendants were put on notice numerous times, dating back to the filing of the original complaint, of the involvement of pre-SLCRMA activities in the plaintiffs' claims. *See* doc. 71, att. 3, pp. 1–26 (summary of documents referencing involvement of pre-SLCRMA activities). Defendants insist, however, that the other filings did not reveal what the *Rozel* report did: that plaintiffs were directly challenging federally directed activities under allegations of "bad faith" and "changed impacts" by the federal actors. Doc. 97, pp. 17–20.

---

[1] The State of Louisiana is a plaintiff in both the Plaquemines and Cameron cases. *See* doc. 97, att. 135; *see also* Plaquemines cases recently removed to the Eastern District of Louisiana (*e.g.*, *Plaquemines v. Exchange Oil & Gas Corp.*, No. 2:18-cv-5215 (E.D. La.)). As defendants note, the allegations raised in *Plaquemines v. Rozel* are virtually identical to those raised in this case. *Compare* doc. 97, att. 108 (Cameron petition) *with* doc. 97, att. 135 (*Rozel* petition).

Under Louisiana Administrative Code § 43:723(B)(8), Louisiana law provides a "[b]lanket exemption" under which a use or activity shall not require a coastal use permit if (1) the use or activity was lawfully commenced or established prior to the implementation of the coastal use permit process, (2) the secretary determines that it does not have a direct or significant impact on coastal waters, or (3) the secretary does not determine that a permit is required under § 723.G. Defendants' grounds for removal rely on the notion that plaintiffs will argue that defendants' pre-SLCRMA are excepted from exemption under the first and second bases above.[2]

The *Rozel* report provides, in relevant part, opinions that "[c]ertain uses that commenced before the effective date of the SLCRMA are not exempt from the Coastal Zone Management program . . . because these activities were not legally commenced or commenced in good faith prior to the initiation of the SLCRMA" and that certain activities and uses, although initially exempt, came to require permits under the CZM laws because of "changes in impacts." Doc. 97, att. 1, pp. 38–39, 71–73; doc. 97, att. 2, pp. 1–4. It then goes on to detail qualifying activities by defendants in the Bayou Gentilly case area. Doc. 97, att. 1, pp. 38–83; doc. 97, att. 2, pp. 1–4. Although, as described more fully below, the SLCRMA only applies prospectively, these allegations would create an exception allowing for retroactive application of the SLCRMA. Defendants in this matter argue that the *Rozel* report is the first time that they have received notice that the plaintiffs are arguing such exceptions, and that the involvement of federal actors and federal regulations is necessarily implicated in those allegations. *E.g.*, doc. 1, pp. 17–18.

Plaintiffs first assert that the involvement of pre-SLCRMA activities was apparent from the original petition,[3] based on the following allegations:

---

[2] Because the secretary had evidently already determined that a permit was required under § 723.G, this exception is not relevant.

[3] This petition was filed on February 4, 2016, and, based on the timely first round of removals to this court, served on removing defendants in this matter that year.

**21.**

The use of waste pits in the Operational Area has a direct and significant impact on state coastal waters located within Cameron Parish, and thus each such pit required a coastal use permit after the enactment of the CZM Act of 1978. **To the extent that, contrary to Plaintiffs' allegations, the use of any such waste pit was legally commenced prior to the enactment of the CZM Act of 1978, the continued existence of such waste pit following cessation of the operations supported by it constituted a new use for which a coastal use permit was required**. . . .

. . . .

**25.**

**Since 1978 and before**, Defendants' oil and gas activities have resulted in the dredging of numerous canals in, through, and across the Operational Area. . . .

. . . .

**29.**

Furthermore, Plaintiffs allege that **most, if not all, of the Defendants' operations or activities complained of herein were not "lawfully commenced or established" prior to the implementation of the coastal zone management program.** *See* **LAC 43:723(B)(8). The complained-of operations and activities were prohibited prior to 1978 by various provisions of the Louisiana Statewide Orders 29, 29-A, and 29-B, various field wide orders, as well as various orders of the Louisiana Stream Control Commission**.

Doc. 97, att. 108, pp. 13–17 (emphasis added). Exhibit F to the original petition provides a list of oil and gas wells in the Operational Areas purportedly operated by defendants. *Id.* at 63–73. Plaintiffs state in their Motion to Remand that many of these wells were drilled and operated back in the early 1940s. Doc. 71, att. 1, p. 11.

The involvement of pre-SLCRMA activities was apparent from the allegations above, as was the assertion of an exception to the pre-SLCRMA exemption.[4] Although defendants argue

---

[4] Under Paragraph 33 of the petition, plaintiffs specifically disclaimed any involvement of federal permits in the Cameron Parish suits. Doc. 97, att. 108, pp. 18–22. Under that paragraph plaintiffs maintained that they "[had] not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law or federal regulations, and assert no such claims herein . . . ." *Id.* at 18. They also stated that, "[t]o the extent any state law claims alleged in this petition are preempted by federal law, such claims are not alleged herein." *Id.* Given the defendants' reliance on "colorable federal defenses" in removing under § 1442, however, the plaintiffs' disclaimers should not have precluded defendants from discovering this basis at the time the petition was filed. Additionally, under the "artful

that the state laws cited under Paragraph 29 are inapplicable, this contention has no bearing on the fact that plaintiffs clearly invoked one of the exceptions in their complaint. Additionally, we reject any argument that the *Rozel* report makes the case newly removable by revealing the extent of pre-SLCRMA activities at issue, to an extent that the complaint did not. The multiple references to pre-SLCRMA activities and an exception to the blanket exemption were sufficient at the pleading stage to give notice of the removal bases asserted here, without awaiting further development of the issue by plaintiffs' experts. Meanwhile, the *Rozel* report only defined the scope of pre-SLCRMA activities at issue for a Plaquemines Parish case – defendants fail to show what relevance it has to the scope of pre-SLCRMA activities in this suit. The fact that the *Rozel* report expands on the first exception and identifies a second one, through its mention of changed conditions, does not change the fact that potential removability under both § 1442 and § 1331, as argued in the defendants' Notice of Removal and Opposition to plaintiffs' Motion to Remand, should have been apparent from the petition and its invocation of the not-lawfully-commenced exception. Removal is therefore untimely, and the case must be remanded regardless of any merit to the removal grounds asserted.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motions to Remand [docs. 67, 71] be **GRANTED** and that this matter be remanded to the 38th Judicial District Court, Cameron Parish, Louisiana.

---

pleading" doctrine the court looks "behind a complaint to determine whether a plaintiff is attempting to conceal the federal nature of his claim by fraud or obfuscation." *In re Wireless Telephone Radio Frequency Emissions Products Liability Litig.*, 327 F.Supp.2d 554, 563–64 (D. Md. 2004). This doctrine prevents a plaintiff from evading federal question jurisdiction by attempting to disguise a "substantial and disputed federal issue," as alleged here under § 1331, contained within a state law claim. *Firefighters' Retirement Sys. v. Regions Bank*, 598 F.Supp.2d 785, 791 (M.D. La. 2008). Accordingly, the disclaimers under Paragraph 33 do not prevent the complaint from serving as the defendants' first notice of removability.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 20th day of November, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE