UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

THE PARISH OF CAMERON      *   CIVIL ACTION: 2:18-cv-00677
                                             *
VERSUS                             *   JUDGE: ROBERT R. SUMMERHAYS
                                             *
AUSTER OIL AND GAS INC., ET AL.  *   MAGISTRATE: KATHLEEN KAY
**************************************

## PLAINTIFFS' AND INTERVENORS' RESPONSE TO CHEVRON'S SUPPLEMENTAL OPPOSITION TO MOTION TO REMAND

Plaintiff, the Parish of Cameron and State of Louisiana ex rel. Parish of Cameron; plaintiff-intervenor, the State of Louisiana, through the Louisiana Department of Natural Resources, Office of Coastal Management, and its Secretary, Thomas F. Harris; and plaintiff-intervenor, the State of Louisiana ex rel. Jeff Landry, Attorney General (collectively "Plaintiffs"), respectfully submit this brief response to Chevron's Supplemental Opposition to Motion to Remand [R. Doc. 131].

Chevron has submitted new documents in support of its claim that it was acting as a government contractor in conducting exploration and production activities in the Hackberry Field during WWII.  Like the myriad other documents previously submitted by defendants, these do not support defendants' argument, and instead, if anything, further confirm that defendants' removal was untimely.

The first document submitted by Chevron is an amendment to the Office of Management and Priorities Regulation No. 1.  Chevron argues that this priority regulation makes oil and gas production companies – like the defendants in this case – government "contractors" because it imposes priority requirements for suppliers of materials used for products purchased by the government.  However, this regulation alone falls far short of the legal requirements for finding

that an entity is a government contractor under the government contractor defense.  Ultimately, there is no suggestion or proof presented in this document that shows that the government directed or controlled the defendants' wartime activities, much less their activities in the Hackberry Field. Ultimately, the regulation merely served to require suppliers to give preference to filling orders made by entities providing products to the government during wartime.

Chevron also submitted the text of the Selective Training and Services Act of 1940, which it argues reinforces defendants' claim that they were acting under the direction of "federal officers."  Chevron claims that the statute obligated defendants to give preference to government orders for material over other orders and contracts, and notes that under the statute, the government had the authority to take immediate possession of the industry plants and facilities if these obligations were not met.  Again, however, the provisions relied upon by Chevron from the Selective Training and Services Act offer nothing more than preference criteria, and fail to show any real level of control or direction necessary for federal officer jurisdiction.  More importantly here, although the statute states that the government could potentially take control over the industry facilities, there is no suggestion that there was any such government action specifically with respect to the defendants' operations or activities in this case.

The preferences cited by Chevron are far short of the level of federal direction and control that the Fifth Circuit has required to justify federal officer removal.  In *Legendre v. Huntington Ingalls*, 885 F.3d 398, 402 (5th Cir. 2018), the court of appeal reiterated that, even in the case of *actual* federal contractors (which Chevron was not), there is no federal officer removal jurisdiction where the government contractor was "free to adopt the … measures the plaintiffs now allege would have prevented their injuries."  Nothing in the cited statutory and regulatory preferences

had any impact on the defendants' abilities to seek and then comply with coastal use permits since 1980, so those preferences do not support the defendants' federal officer removal.

Ultimately, despite their repeated efforts to make a case for federal officer jurisdiction, defendants fail to cite to any case where a court has found federal officer jurisdiction based on oil and gas activities during the war, despite almost 80 years of litigation involving oil companies since WW II.  Indeed, the defendants have not cited a case where such a theory was even argued. If the industry did not see this as a viable source of removal jurisdiction contemporaneously, it is certainly not viable retrospectively.

Finally, Chevron's reliance on these documents further highlights the untimeliness of their removal.  Taken on its face, Chevron argues that the priority regulation and the Selective Service Act show that there was general control over the oil and gas industry during the war.  Assuming their argument to be true, however, all that would be necessary to assert an argument for federal officer removal would be the knowledge that Plaintiffs' claims involved defendants' activities during wartime.  Plaintiffs provided defendants with this knowledge in their original petition back in 2013 by specifically listing oil wells that were drilled and operated before and during the war years, and by noting that "all" of their activities were unlawful.  Accordingly, if Chevron and the other defendants seriously contend that these new documents arise to the level of control required for federal officer jurisdiction, they have no excuse for not removing on those grounds years ago.

For these reasons and for the reasons stated in Plaintiffs' prior briefs, the motion to remand should be granted.

*By Attorneys for Plaintiff, the Parish of Cameron*
*and the State of Louisiana ex rel. Parish of Cameron*

Donald T. Carmouche, #2226 (dcoffice@tcmlawfirm.net)
Victor L. Marcello, #9252 (vmarcello@tcmlawfirm.net)
John H. Carmouche, #22294 (jcarmouche@tcmlawfirm.net)
William R. Coenen, III, #27410 (wcoenen@tcmlawfirm.net)
Brian T. Carmouche, #30430 (bcarmouche@tcmlawfirm.net)
Todd J. Wimberley, #34862 (twimberley@tcmlawfirm.net)
Ross J. Donnes, #33098 (rdonnes@tcmlawfirm.net)
D. Adele Owen, #21001 (aowen@tcmlawfirm.net)
Leah C. Poole, #35092 (lpoole@tcmlawfirm.net)
Christopher D. Martin, #30613 (chrismartin@tcmlawfirm.net)
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: 225-400-9991
Fax: 225-448-2568

and

Chad E. Mudd, #25188 (cmudd@mbklaw.net)
David P. Bruchhaus, #24326 (dbruchhaus@mbklaw.net)
M. Keith Prudhomme, #14336 (kprudhomme@mbklaw.net)
Matthew P. Keating, #30911 (mkeating@mbklaw.net)
Wesley A. Romero, #33344 (wromero@mbklaw.net)
MUDD, BRUCHHAUS & KEATING, L.L.C.
410 E. College St.
Lake Charles, LA 70605
Telephone: 337-562-2327
Fax: 337-562-2391

By: */s/ Christopher D. Martin (30613)*

*By Attorneys for Plaintiff-Intervenor, the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris:*

J. Blake Canfield, #30426 (blake.canfield@la.gov)
Executive Counsel
Donald W. Price, #19452 (donald.price@la.gov)
Special Counsel
LOUISIANA DEPARTMENT OF NATURAL RESOURCES
Post Office Box 94396
Baton Rouge, LA 70804
Telephone: 225-342-2710

and

Megan K. Terrell, #29443 (megan.terrell2@la.gov)
Legal Advisor
Office of Governor John Bel Edwards
GOVERNOR'S OFFICE FOR COASTAL ACTIVITIES
900 North 3rd Street, Fourth Floor
Baton Rouge, LA 70802
Telephone: 225-342-7669

By:  */s/ Donald W. Price (19452)*

*By Attorneys for Plaintiff-Intervenor, the State of Louisiana, Ex Rel. Jeff Landry, Attorney General:*

Ryan M. Seidemann, #28991 (seidemannr@ag.louisiana.gov)
Wilbur L. Stiles, III, #27654 (stilesb@ag.louisiana.gov)
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
1185 North 3rd Street
Baton Rouge, LA 70802
Telephone: 225-326-6085
Fax: 225-326-6099

By:  */s/ Ryan M. Seidemann (28991)*