# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| The Parish of Cameron, | * | Civil Action No. 2:18-CV-00677 |
| | * | |
| Plaintiff, | * | Judge Robert R. Summerhays |
| | * | |
| versus | * | |
| | * | Magistrate Judge Kathleen Kay |
| Auster Oil and Gas, Inc. et al. | * | |
| | * | |
| Defendants. | * | |

---

## Memorandum in Support of Defendants' Motion for Injunction

---

## **INTRODUCTION**

Plaintiffs are currently seeking—for the second time in this litigation—to advance this case in state court in direct defiance of rulings by the U.S. Court of Appeals for the Fifth Circuit. On August 5, 2021, the Fifth Circuit reversed this Court's prior order remanding this case to state court and remanded the case to this Court to determine "with the benefit of [the Fifth Circuit's] recent en banc decision in *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020)" "whether federal-officer jurisdiction exists." *Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 365 (5th Cir. 2021). The Fifth Circuit's mandate transferred jurisdiction from the Court of Appeals back to this Court—under no scenario could the state court have acquired jurisdiction. This Court then entered a briefing schedule to address the Fifth Circuit's remand and set oral argument for November 18, 2021. Briefing on these issues is now complete.

Despite the Fifth Circuit's *reversal* of the prior order remanding to state court and despite its remand and instructions to this Court, Plaintiffs persuaded the state court judge to reassert jurisdiction and push this case toward trial in state court. On September 10, 2021, Plaintiffs filed a motion in state court seeking a status conference for the purpose of selecting a trial date in 2022 and establishing the discovery and other deadlines to get the case ready for trial by that date. On October 21, 2021, the state court granted Plaintiffs' motion and signed the proposed order plaintiffs submitted, which orders the parties to appear in state court on November 29, 2021, "for the purpose of selecting a trial date and establishing the parameters and deadlines to be included in the Case Management Order that will govern this matter."[1]

Plaintiffs' efforts to advance the case in state court are patently improper: there is no longer an order remanding the case to state court, this Court has exclusive jurisdiction, and "the State

---

[1] Defendants received the order by U.S. mail on November 1, 2021.

court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Because Plaintiffs have chosen to disregard the Fifth Circuit's mandate and the federal removal statute, Defendants respectfully request that this Court issue an injunction prohibiting Plaintiffs from proceeding in state court while the case remains pending in federal court.

## **BACKGROUND**

This case is one of 42 virtually identical lawsuits initially filed in Louisiana state courts by six Louisiana parishes. The lawsuits name over 200 oil and gas companies as defendants and allege that the companies violated Louisiana's State and Local Coastal Resources Management Act (SLCRMA). Based on the original petitions, Defendants removed the suits to federal court, and the district courts remanded the suits to state court.

After those initial remands, "[i]n response to a Louisiana court's order that the parishes provide specific details of the companies' alleged violations of SLCRMA, Plaquemines Parish served an expert report on April 30, 2018," that "certified that it represented the position of the Louisiana Department of Natural Resources in all forty-two cases." *Par. of Plaquemines*, 7 F.4th at 366-67. Because that report "revealed a new theory of liability for the first time," *id*. at 365, Defendants again removed the cases to federal court, asserting federal-officer and federal-question jurisdiction. This case and one case in the Eastern District of Louisiana were selected as lead cases, while the remaining cases were held in abeyance pending resolution of the jurisdictional issue.

This Court held that the removal was timely based on the new allegations in the expert report, but determined that neither federal-question nor federal-officer jurisdiction exists. *Par. of Cameron v. Auster Oil & Gas Inc.*, 420 F. Supp. 3d 532 (W.D. La. 2019), *aff'd in part, rev'd in*

*part and remanded sub nom. Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362 (5th Cir. 2021). It therefore granted Plaintiffs' motion to remand the case to state court. *Id.* at 534.

The Fifth Circuit stayed the remand order pending appeal. Order Granting Stay, *Par. of Cameron v. BP Am. Prod. Co.*, No. 19-30829 (5th Cir. Nov. 4, 2019) ("Stay Order"). The next day, in plain defiance of the Fifth Circuit's Stay Order, Plaintiffs urged the state court to assert jurisdiction over the case and set a trial date. *See* Letter from State DNR to Judge Richard, *Par. of Cameron v. Auster Oil & Gas Inc.*, No. 10-19582 (La. 38th Jud. Dist. Ct. Nov. 5, 2019) (Ex. A). Over Defendants' opposition, Plaintiffs contended that the state court should give no effect to the Fifth Circuit's Stay Order because the remand order had been mailed to the state court. *See id.* Plaintiffs further asserted that the state court could proceed because the Stay Order had not been accompanied by an injunction, and they argued that federal injunctive relief would be foreclosed by the Anti-Injunction Act. *Id.* The state court judge agreed the following morning that she would give the Stay Order no effect "until I hear otherwise from the federal system." Transcript of Status Conference at 24:19-26, *Par. of Cameron v. Auster Oil & Gas Inc.*, No. 10-19582 (La. 38th Jud. Dist. Ct. Nov. 6, 2019) (Ex. B). The state court judge claimed jurisdiction over the case, set a trial date, and directed the parties to prepare and submit a case management order. *Id.* at 24:19-20, 51:27-52:3, 56:4-17. Plaintiffs then demanded immediate discovery from Defendants in state court.

As a result, Defendants were compelled to return to the Fifth Circuit, which then enjoined Plaintiffs from proceeding in state court during the pendency of the appeal. Order Granting Injunction, *Par. of Cameron v. BP Am. Prod. Co.*, No. 19-30829 (5th Cir. Nov. 26, 2019) ("Injunction Order"). Plaintiffs filed a motion for reconsideration of the injunction with the Fifth Circuit and a motion to lift the stay and injunction with the Supreme Court, both of which were

denied. On August 20, 2020, Plaintiffs again asked the Fifth Circuit to lift the stay and vacate the injunction. That motion remained pending at the Fifth Circuit throughout the remainder of the appeal.

On August 5, 2021, the Fifth Circuit reversed this Court's prior order remanding this case to state court. The Fifth Circuit affirmed this Court's ruling that Defendants' removal of this case to federal court "was timely." *Par. of Plaquemines*, 7 F.4th at 375. On the existence of federal jurisdiction, the Fifth Circuit agreed with this Court that federal-question jurisdiction is lacking. *Id.* With regard to federal-officer jurisdiction, however, the Fifth Circuit reversed the remand order and remanded the case to this Court with instructions to decide "whether federal-officer jurisdiction exists … with the benefit of [the Fifth Circuit's] recent en banc decision in *Latiolais*." *Id.* at 366. After reversing this Court's prior remand order and remanding the matter to this Court, the Fifth Circuit lifted the stay and vacated the injunction that had been entered against Plaintiffs. Order, *Par. of Cameron v. BP Am. Prod. Co.*, No. 19-30829 (5th Cir. Aug. 20, 2021).

This Court and the Eastern District of Louisiana entered identical briefing schedules on remand. Order, ECF No. 168; Order, *Par. of Plaquemines v. Riverwood Prod. Co.*, No. 2:18-cv-05217 (E.D. La. Sept. 15, 2021), ECF No. 102. This Court further ordered that the related cases "shall remain administratively closed pending final resolution of" this case. Order, ECF No. 168. Briefing is now complete in both cases, and this Court has scheduled oral argument for November 18, 2021. Order, ECF No. 173.

Despite the Fifth Circuit's rulings, Plaintiffs once again seek to advance this case in state court while it is pending in federal district court. The Court of Appeals reversed the remand order and returned exclusive jurisdiction over this case in this Court. Plaintiffs nonetheless filed a motion in state court on September 10, 2021, requesting a status conference "for the purpose of

selecting a trial date in 2022 and establishing the parameters and various deadlines for a Case Management Order." Motion for Status Conference, *Par. of Cameron v. Auster Oil & Gas Inc.*, No. 10-19582 (La. 38th Jud. Dist. Ct. Sept. 10, 2021) (Ex. C). Plaintiffs' motion emphasized that the Fifth Circuit had vacated its prior injunction, but it failed even to mention that the Fifth Circuit had *reversed the prior order remanding the case to state court*. *See id.*

While preserving all objections to the state court's jurisdiction, Defendants submitted a letter apprising that court of the Fifth Circuit's order reversing the prior remand order. Defendants explained that "[b]ecause the Fifth Circuit has reversed the prior order remanding this case to state court, there is no remand order in this case, and the case presently remains under the exclusive jurisdiction of the federal courts." Defendants' Letter to Judge Richard at 1-2, *Par. of Cameron v. Auster Oil & Gas Inc.*, No. 10-19582 (La. 38th Jud. Dist. Ct. Sept. 13, 2021) (Ex. D) (citing 28 U.S.C. § 1446(d) (once a case is removed, "the State court shall proceed no further unless and until the case is remanded"); *Sykes v. Tex. Air Corp.*, 834 F.2d 488, 491 (5th Cir. 1987) (when a "remand is reversed" on appeal, the case will "restart in federal court")). As a result, "there is no means by which [the state court] could have regained jurisdiction over the case, and the federal removal statute, 28 U.S.C. § 1446(d), forbids [the state court] from going forward." *Id.* at 2.

Defendants pointed out that "in their filings with the Fifth Circuit, Plaintiffs acknowledged that if the Fifth Circuit were to 'reverse Judge Summerhays' remand order,' then 'jurisdiction [would] be shifted back from state to federal court,' and that 'in the event this Court should reverse or vacate the district court's remand order, injunctive relief would be proper if the state court were to continue its proceedings.'" *Id.* (alteration in original) (quoting Plaintiff-Appellee and Intervenors-Appellees' Opposition to Motion for Injunction Enforcing Stay Pending Appeal at 8, 10-11, *Par. of Cameron v. BP Am. Prod. Co.*, No. 19-30829 (5th Cir. Nov. 22, 2019). Plaintiffs

made similar concessions in their filings in the U.S. Supreme Court. *See id.* (citing Application to Stay or Vacate at 5,14, *Louisiana ex rel. Landry v. BP Am. Prod. Co.*, No. 19A825 (U.S. Jan. 22, 2020)).

Defendants further explained that the Fifth Circuit's order lifting the stay pending appeal and the subsequent injunction to enforce that stay does not authorize Plaintiffs to proceed in state court. *Id.* at 2-3. As noted above, in August 2020, Plaintiffs filed another motion to lift the stay and vacate the injunction. Two weeks after issuing its opinion reversing the remand order, the Fifth Circuit granted Plaintiffs' long-pending motion. Defendants explained that "because there is no longer any remand order on which the stay could operate, there was no reason for the Fifth Circuit to keep the stay (or the injunction enforcing the stay) in place. Accordingly, the Fifth Circuit's order lifting the stay and vacating the injunction was a housekeeping matter following resolution of the appeal that in no way confers jurisdiction on any state court." *Id.* at 3.

On September 14, 2021, Plaintiffs submitted a letter to the state court responding to Defendants' September 13, 2021 letter. Plaintiffs contended that the state court "clearly has jurisdiction to proceed with this case" because the Fifth Circuit vacated its stay pending appeal, and the injunction enforcing the appellate stay, once the appeal concluded. Plaintiffs' Letter to Judge Richard, *Par. of Cameron v. Auster Oil & Gas Inc.*, No. 10-19582 (La. 38th Jud. Dist. Ct. Sept. 14, 2021) (Ex. E) ("Pls.' Letter"). Plaintiffs relied on the fact that the now-reversed remand order had been mailed to the state court in 2019 and asserted that "until [federal officer] jurisdiction is established, [the state court] retains jurisdiction." *Id.* at 2. And Plaintiffs told the state court that "[t]o the extent that defendants are entitled to any relief regarding [the state court's] proper exercise of its jurisdiction, that relief must be granted by the *federal* courts, not [the state court]."

*Id.* at 3; *see also id.* ("Defendants now seek relief from [the state court] that can only be obtained in a federal court.").

On October 21, 2021, Judge Richard granted Plaintiffs' motion, ordering the parties to appear in state court on November 29, 2021, "for the purpose of selecting a trial date and establishing the parameters and deadlines to be included in the Case Management Order that will govern this matter." Order, *Par. of Cameron v. Auster Oil & Gas Inc.*, No. 10-19582 (La. 38th Jud. Dist. Ct. Oct. 21, 2021) (Ex. F).

## STANDARD FOR INJUNCTIVE RELIEF

A party seeking injunctive relief must demonstrate "(1) a substantial likelihood of success on the merits" (for a preliminary injunction) or "actual success on the merits" (for a permanent injunction); "(2) a substantial threat of irreparable harm if the injunction is not granted;" "(3) that the threatened injury outweighs any potential harm to the non-movant;" and "(4) that the injunction will not undermine the public interest." *Libersat v. Sundance Energy Inc.*, No. 6:19-CV-00421, 2020 WL 4576934, at *2 (W.D. La., Aug. 7, 2020) (Summerhays, J.). In the posture of this motion, "success on the merits" refers not to the resolution either of Plaintiffs' remand motion or of the ultimate merits of this case, but to the determination of whether the state court currently has jurisdiction to proceed under 28 U.S.C. § 1446(d). *See id.* at *5.

## ARGUMENT

An order enjoining Plaintiffs from participating in state court proceedings is necessary to protect and enforce the Fifth Circuit's mandate and the federal removal statute, which precludes a state court from acting on a case that has been removed to federal court "unless and until the case is remanded." 28 U.S.C. § 1446(d). Although this Court issued an order in 2019 remanding the case to state court, that order was reversed by the Fifth Circuit and now lacks force or effect.

7

Unless and until the Court issues a new remand order that is not stayed or reversed on appeal, this case is exclusively in federal court, and "the State court shall proceed no further." *Id.* Because Plaintiffs nevertheless insist that the state court can and should move this case quickly toward trial—and have persuaded the state court to proceed with a status conference to set a trial date and determine the parameters for a case management order—an injunction is needed to prevent Plaintiffs from proceeding in state court and to confirm that the state court has no authority to act.

## I. An Injunction Is Necessary To Prevent Plaintiffs From Proceeding In State Court In A Case That Has Been Removed To Federal Court.

Plaintiffs' state court filings indicate that they are proceeding on the erroneous theory that the state court has concurrent jurisdiction and may issue rulings in this case until "federal officer jurisdiction" is "established" by this Court in accordance with the Fifth Circuit's mandate. Pls.' Letter. at 2-3. Their argument is that the state court acquired jurisdiction when the clerk of this Court mailed the remand order, because 28 U.S.C. § 1447(c) states that after a remand order is mailed to the clerk of the state court, "the State court may thereupon proceed with such case.'" *See id.* at 1 (quoting 28 U.S.C. § 1447(c)). Although Plaintiffs belatedly acknowledged to the state court that the Fifth Circuit reversed the remand order, they asserted that the reversal does not affect its power to act because the Fifth Circuit did not rule on the "substantive merit of the Defendants' federal officer jurisdictional allegations," *id.* at 2, but rather remanded for this Court to make that determination "with the benefit of [the] recent en banc decision in *Latiolais*," *Par. of Plaquemines*, 7 F.4th at 375. Plaintiffs misapprehend the effect of the Fifth Circuit's mandate.

The reversal of the remand order renders the order devoid of legal effect. *See, e.g.*, *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1096 (10th Cir. 1991) ("[t]o 'reverse' a judgment means to 'overthrow, vacate, set aside, make void, annul, repeal, or revoke it'") (quoting *Black's Law Dictionary* 1319 (6th ed. 1990)). The reversal thus deprived the remand order of any power to

authorize state court proceedings, and confirmed that this case is within the exclusive jurisdiction of the federal courts.  *See, e.g., Sykes*, 834 F.2d at 491 (when a "remand is reversed" on appeal, the case will "restart in federal court").

Indeed, in their filings with the Fifth Circuit, Plaintiffs expressly acknowledged that if the Fifth Circuit were to "reverse Judge Summerhays' remand order," then "jurisdiction [would] be shifted back from state to federal court," and "injunctive relief would be proper if the state court were to continue its proceedings."  Plaintiff-Appellee and Intervenors-Appellees' Opposition to Motion for Injunction Enforcing Stay Pending Appeal, Case No. 19-30829, (Nov. 22, 2019) at 8, 10-11.  Plaintiffs similarly told the U.S. Supreme Court that "[i]f the remand is reversed, the case will return to federal court."  Application to Stay or Vacate, No. 19A825 (Jan. 22, 2020) at 5; *see also id.* at 14 (acknowledging that an appeal of the remand order "if successful, will result in the case returning to federal court").[2]

Plaintiffs now say that what they meant was that only "a ruling of the Fifth Circuit that reverses the remand order and establishes federal officer jurisdiction would terminate [the state court's] jurisdiction." Pls.' Letter at 2. This new-found theory is incompatible with the removal statute.

Section 1446(d) provides that a removal to federal court takes "effect" as soon as the notice of the removal is served on "adverse parties" and filed with the clerk of the state court.  28 U.S.C. § 1446(d).  There is no requirement that the federal district court first find that the stated bases for

---

[2] As Defendants explained to the Fifth Circuit and the Supreme Court, this Court's prior remand and mailing of the remand orders did not divest the Fifth Circuit of jurisdiction to stay the remand order to prevent it from conferring any jurisdiction on the state court, or to enforce the stay by enjoining plaintiffs from proceeding in state court during the pendency of the appeal.  Because the Fifth Circuit stayed the remand order, enjoined plaintiffs from proceeding in state court pending the appeal, and subsequently reversed the remand order, the state court does not now have jurisdiction and has not had jurisdiction over this case since the stay was entered.

removal were properly invoked. Rather, *removal* vests exclusive jurisdiction in the federal court, and "the State court shall proceed no further unless and until the case is remanded." *Id.*; *see also, e.g.*, *In re Meyerland Co.*, 910 F.2d 1257, 1263 (5th Cir. 1990) ("[O]nce a case is removed, the state court no longer enjoys concurrent jurisdiction over the dispute"), *modified on reh'g en banc*, 960 F.2d 512 (5th Cir. 1992); 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3738 (rev. 4th ed. 2018) ("After the removal of an action from state court, the federal district court acquires full *and exclusive* subject-matter jurisdiction over the litigation.") (emphasis added). The plain text of the statute—"*unless and until* the case is remanded"—makes clear that there is only one trigger for the resumption of state court jurisdiction: a valid remand order. 28 U.S.C. § 1446(d) (emphasis added). Plaintiffs' argument that the Fifth Circuit's decision to direct this Court to address federal officer jurisdiction rather than to decide the issue itself somehow allows the state court to go forward cannot be squared with the statute, let alone with the Circuit's reversal of the remand order.

When, as here, the remand order is reversed and remanded for further proceedings, the case is back in the same posture it was in when the case was removed to this Court and plaintiffs filed the motion to remand. Then (as now), the case was within the exclusive jurisdiction of the federal court, because it had been removed to this Court, and there was no order remanding it to state court. Plaintiffs' insistence that the state court has jurisdiction until a definitive determination that federal jurisdiction exists turns the removal statute and the procedure it requires on its head. As explained above, when a case is removed to federal court, the federal courts have the exclusive jurisdiction to decide whether federal jurisdiction exists. The state court has no role, and the case is exclusively in federal court, unless and until the district court determines that federal jurisdiction

does *not* exist and issues a remand order that is not stayed or reversed on appeal.  In light of the Fifth Circuit reversal, there is no such determination here.

Plaintiffs insist that this Court's mailing of the remand order gives the state court jurisdiction to proceed even though the remand order has been reversed.  The prior mailing of the remand order does not alter the Fifth Circuit's decision to nullify its effect.  This argument is a reprise of their earlier unsuccessful argument that the mailing of the remand order gave the state court jurisdiction to proceed even though the Fifth Circuit stayed the remand order.  *See supra* at 3.  Both the Supreme Court and the Fifth Circuit rejected this argument. It is as wrong today as it was then.

The Fifth Circuit's stay deprived the remand order of any legal effect, so it could not authorize the state court to "proceed with [the] case" under 28 U.S.C. § 1447(c).  *Cf. Nken v. Holder*, 556 U.S. 418, 428-29 (2009) (stay "temporarily suspend[s] the source of authority to act— the order or judgment in question").  When Plaintiffs refused to acknowledge that fact, the Fifth Circuit enforced the stay and the statutory ban on state court proceedings by enjoining Plaintiffs from proceeding in state court during the pendency of the appeal.  *See* Injunction Order.  Obviously, if a stay of a remand order justifies an injunction, *reversal* of the remand order certainly does.

The Fifth Circuit's reversal of the remand order likewise deprives the remand order of any legal effect.[3]  *See supra* at 8.  Plaintiffs' refusal to acknowledge that fact warrants a similar

---

[3] The posture here is entirely unlike *Gibbs v. Lufkin Industries, Inc.*, 487 F. App'x 916, 2012 WL 3892555 (5th Cir. Sept. 7, 2012) (per curiam), the case on which Plaintiffs relied in their state court filing.  *See* Pls.' Letter at 2.  *Gibbs* involved a federal court order that attempted to enjoin state court proceedings over state law claims that "the federal district court opted not to exercise supplemental jurisdiction over" and remanded to state court, while the federal court's order dismissing federal claims was on appeal.  487 F. App'x at 919-20.  The order remanding the state-

injunction to protect the federal courts' exclusive jurisdiction and to enforce the statutory ban on state court proceedings unless and until a remand order is entered (and not stayed or reversed on appeal).

Plaintiffs also relied in their state court filings on the fact that, once the appeal was concluded, the Fifth Circuit vacated the stay pending appeal (and the injunction the Fifth Circuit found necessary to enforce that appellate stay). That reliance is groundless. The stay was a temporary measure to prevent the remand order from having any legal effect *during the pendency of the appeal* when the Fifth Circuit was deciding whether the remand order should be affirmed or reversed. *See Nken*, 556 U.S. at 428-29 (stay "temporarily suspend[s] the source of authority to act—the order or judgment in question"). The injunction enforced the stay by enjoining plaintiffs from proceeding in state court while the stay of the remand order was in effect. But the lifting of the stay and the injunction does not mean that proceedings may now resume in state court because, as noted, the Fifth Circuit also *reversed* the District Court's remand order that was the subject of the stay. As a result, there is no remand order sending the case back to state court. And because there is no longer any remand order, there is simply nothing to stay or enjoin. The Fifth Circuit vacated the stay and the injunction because they were no longer needed, not to return the case to state court. Only a valid remand order can do that and one does not exist in this case. The Fifth Circuit's order lifting the stay and vacating the injunction was a housekeeping matter following resolution of the appeal that in no way conferred jurisdiction on the state court. To the contrary,

---

law claims had *not* been reversed, so the "state court's assumption of jurisdiction over the remanded state law claims" did not interfere with the "federal court's jurisdiction." *Id.* at 920. In contrast, here the Fifth Circuit *has reversed* the remand order, so this case remains in the exclusive jurisdiction of the federal court.

because the Fifth Circuit reversed the remand order and remanded for this Court to consider whether federal-officer jurisdiction exists, jurisdiction rests exclusively in this Court.

As this Court has recognized, it has the authority to "enforce section 1446(d) by enjoining state courts from taking further action in a case that has been removed and not remanded." *Libersat*, 2020 WL 4576934, at \*3 (citing cases); *see also French v. Hay*, 89 U.S. (22 Wall.) 250, 253 (1874) (affirming injunction of state court proceedings that continued following removal); *In re Meyerland Co.*, 910 F.2d at 1263 (Anti-Injunction Act "does not bar an injunction of a state court proceeding which purports to exercise jurisdiction over a removed case"); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254-55 (11th Cir. 1988) ("after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case," so federal courts have the power "to enjoin state courts from proceeding in a removed case"). In light of Plaintiffs' erroneous representations to the state court that it can and should proceed to trial in this case, and Plaintiffs' indefensible view that the Fifth Circuit's reversal of the remand order has no effect, an injunction restraining Plaintiffs from further proceeding in state court is an appropriate and necessary form of relief. *See, e.g.*, *Henry v. First Nat'l Bank of Clarksdale*, 595 F.2d 291, 295-97 (5th Cir. 1979) (affirming preliminary injunction of state court plaintiffs against proceeding further in state court); *Lowe v. Jacobs*, 243 F.2d 432, 432-33 (5th Cir. 1957) (per curiam) (affirming injunction of plaintiffs and attorney against proceeding further in state court after suit had been removed); *Madisonville Traction Co. v. Saint Bernard Mining Co.*, 196 U.S. 239, 245 (1905) (noting appropriateness of "restrain[ing] the party against whom a cause has been legally removed from taking further steps in the state court").

Thus, allowing Plaintiffs to proceed in state court violates a federal statute and frustrates the directions of the Fifth Circuit to this Court. This factor weighs heavily in favor of an injunction.

## II.    The Balance Of Equities Heavily Favors An Injunction.

The equities favor an injunction.  By insisting (erroneously) to the state court that the reversal of the remand order does not deprive the state court of the power to act, Plaintiffs seek to embark on expensive and burdensome discovery and motion practice in state court while the ultimate forum for this litigation remains unresolved.  *See Citibank, N.A. v. Jackson*, No. 3:16-CV-712-GCM, 2017 WL 4511348, at *2 (W.D.N.C. Oct. 10, 2017) (discovery costs "are irreparable").  Plaintiffs' baseless efforts to proceed in state court have already resulted in significant expenditures of resources by the Parties (and now this Court), which will only be exacerbated if Defendants are required to seek relief from a trial date and case management order that are improperly entered in state court.  An injunction will "avoid undue friction between the federal and state courts and mitigate the costs of [state court] proceedings that will be voided" if this Court finds there is federal officer jurisdiction and declines to issue a new remand order. *Brookshire Bros. Holding Inc. v. Dayco Prods., Inc.*, No. 07-31154, 2009 WL 8518382, at *1 (5th Cir. Jan. 23, 2009) (per curiam).  If Plaintiffs are allowed to go forward, all the time in state court will be wasted because, as this Court has held, any state court action while the removed case remains in federal court is "void *ab initio*." *Libersat*, 2020 WL 4576934, at *3.  Moreover, if it is ultimately determined that federal officer jurisdiction exists, Defendants will have been deprived in the interim of the exclusive forum the federal officer removal statute seeks to guarantee.  *See Louisiana v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) (the "'chief purpose'" of the federal-officer removal statute is to "prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so.").

In contrast, neither Plaintiffs nor the public interest will be harmed by an injunction against proceeding in state court until the question of federal officer jurisdiction is resolved.  The public interest always lies with the enforcement of a federal statute and respect for the orders of a federal

court of appeals. An injunction will merely effectuate the Fifth Circuit's mandate and the statutory policy in section 1446(d), which "expressly proscribes the conduct that will be enjoined." *Libersat*, 2020 WL 4576934,. at *5.

**CONCLUSION**

For the foregoing reasons, this Court should enjoin Plaintiffs from proceeding further in state court while the case remains pending in federal court.

Respectfully submitted:

/s/ Alexandra White
Alexandra White (#29478)
lwhite@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
Eric J. Mayer (#14184)
emayer@susmangodfrey.com
Johnny W. Carter (#37985)
jcarter@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

**KEAN MILLER LLP**
Charles S. McCowan III (#19699)
trey.mccowan@keanmiller.com
Pamela R. Mascari (#25162)
pamela.mascari@keanmiller.com
II City Plaza
400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

-and-

**KEAN MILLER LLP**
Michael R. Phillips (#21020)
mike.phillips@keanmiller.com
Claire E. Juneau (#33209)
claire.juneau@keanmiller.com
909 Poydras, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3951

*Attorneys for Defendants Chevron U.S.A. Inc.,*

***Chevron U.S.A. Holdings Inc., Chevron Pipeline Company and The Texas Company***

-and-

/s/ Kelly B. Becker
R. Keith Jarrett (No. 16984)
rkjarrett@liskow.com
Mark L. McNamara (No. 25170)
mlmcnamara@liskow.com
Dana M. Douglas (No. 26866)
dmdouglas@liskow.com
Kelly Brechtel Becker (No. 27375)
kbbecker@liskow.com
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

***Attorneys for Shell Offshore, Inc., Shell Oil Company, and SWEPI LP***

-and-
/s/ George Arceneaux
George Arceneaux III (#17442)

Brian W. Capell (#32381)                                 Emily C. Borgen (#35441)
**LISKOW & LEWIS**
822 Harding Street
P.O. Box 52008
Lafayette, Louisiana 70505
Telephone: (337) 232-7424
Facsimile: (337) 267-2399
E-mail: garceneaux@liskow.com
Email: bwcapell@liskow.com
E-mail: ecborgen@liskow.com

James E. Lapeze (#28377)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139
Telephone: (504) 581-7979

Facsimile: (504) 556-4108
E-mail: jelapeze@liskow.com

Nancy G. Milburn (pro hac vice)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8383
Facsimile: (212) 836-8689
E-mail: nancy.milburn@arnoldporter.com

Matthew T. Heartney (pro hac vice)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4150
Facsimile: (213) 243-4199
E-mail: matthew.heartney@arnoldporter.com

*Attorneys for BP America Production Company*

-and-

/s/ Robert B. McNeal
Robert B. McNeal (No. 14211)
rbmcneal@liskow.com
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Michael P. Cash (No. 31655)
mcash@liskow.com
**LISKOW & LEWIS**
First City Tower
1001 Fannin Street
Houston, Texas  77002-6756
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone:  (337) 232-7424
Facsimile:  (337) 267-2399

-and-

Martin A. Stern (No. 17154)
martin.stern@arlaw.com
Glen M. Pilié (No. 1539)
glen.pilie@arlaw.com
Jeffrey E. Richardson (No. 23273)
jeffrey.richardson@arlaw.com
Alexandra G. Roselli (#37847)
alexandra.roselli@arlaw.com
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210

-and-

Roy C. Cheatwood (No. 04010
rcheatwood@bakerdonelson.com
Monica A. Frois (No. 20187)
mfrois@bakerdonelson.com
Matthew A. Woolf (No. 27146)
mwoolf@bakerdonelson.com
Tyler L. Weidlich (No. 30790)
tweidlich@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

*Attorneys for Exxon Mobil Corporation*

Deborah D. Kuchler, T.A. (#17013)
dkuchler@kuchlerpolk.com
Sarah E. Iiams (#22418)
siiams@kuchlerpolk.com
Michele Hale DeShazo (#29893)
mdeshazo@kuchlerpolk.com
**KUCHLER POLK WEINER, LLC**
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Telephone: 504-592-0691
Facsimile: 504-592-0697

*Attorneys for Kerr-McGee Oil and Gas Onshore LP*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2021, a copy of the foregoing Motion for Injunction was electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Alexandra White
Alexandra White